UNITED STATES of America, Plaintiff–Appellee,

v.

Oswald STRACHAN, Defendant–Appellant.

No. 91–3772.

United States Court of Appeals, Eleventh Circuit.

Aug. 14, 1992.

**1162**

E. Brian Lang, Mann, Lang & Staples, Pensacola, Fla., for defendant-appellant.

Samuel A. Alter, Jr., Stephen P. Preisser, Asst. U.S. Attys., Pensacola, Fla., for plaintiff-appellee.

Before BIRCH, Circuit Judge, JOHNSON *, and BOWNES **, Senior Circuit Judges.

BIRCH, Circuit Judge:

■ While serving a sentence for a prior cocaine conviction, appellant Oswald Strachan unlawfully escaped from custody, a violation of 18 U.S.C. § 751(a) (1988). Strachan pleaded guilty to the escape offense. On this appeal, Strachan challenges only his sentence. Strachan contends that he was entitled to the reduction in sentence provided by section 2P1.1(b)(3) of the United States Sentencing Guidelines ("U.S.S.G.") because he escaped only from a non-secure custody facility. The district court declined to apply section 2P1.1(b)(3) because the guideline expressly disallows the reduction if, while unlawfully absent from custody, the defendant "committed any federal, state, or local offense punishable by a term of imprisonment of one year or more." U.S.S.G. § 2P1.1(b)(3) (1991). Finding that Strachan "committed" such an offense during his escape, the court ruled that Strachan was not entitled to any decrease in his base offense level. We AFFIRM.

## I.

The relevant portion of the guideline provides:

> If the defendant escaped from the non-secure custody of a community corrections center, community treatment center, "halfway house," or similar facility, ... decrease the offense level ... by 4 levels.... *Provided,* however, that this reduction shall not apply if the defendant, while away from the facility, committed any federal, state, or local offense punishable by a term of imprisonment of one year or more.

U.S.S.G. § 2P1.1(b)(3) (1991). Strachan contends that the district court erroneously refused to award the four-level sentence reduction. Strachan's principal argument is that he could not have been found to have "committed" any offenses during his escape because he was not *convicted* of committing any offenses that occurred during his escape.

We reject Strachan's narrow reading of U.S.S.G. § 2P1.1(b)(3). The Sentencing Commission chose to use the word "committed," not "convicted." Because the sentencing guidelines do not define "committed," this term must be given its ordinary meaning. *See Chapman v. United States,* — U.S. —, —, 111 S.Ct. 1919, 1925–26, 114 L.Ed.2d 524 (1991). Giving the term its ordinary meaning, it seems clear that a defendant can be found to have "committed" an offense even if he has not been formally "convicted" of it. Accordingly, we hold that in order to refuse to apply section 2P1.1(b)(3), a district court need not find that a defendant was convicted of committing an offense that occurred during the period of escape. Rather, the court can deny the reduction if a preponderance of the evidence demonstrates that the defendant committed a disqualifying

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Hugh H. Bownes, Senior U.S. Circuit Judge for the First Circuit, sitting by designation.

offense, even if there has been no formal conviction.

Such a reading furthers an important and enunciated policy of the sentencing guidelines: calculating a fair sentence based upon *all* of the relevant conduct of a criminal defendant, including that conduct which is not formally charged or adjudicated. *See, e.g., United States v. Harris,* 932 F.2d 1529, 1538–39 (5th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 270, 116 L.Ed.2d 223, *and cert. denied,* —— U.S. ——, 112 S.Ct. 324, 116 L.Ed.2d 265 (1991), *and cert. denied,* —— U.S. ——, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992). Moreover, our interpretation is dictated by a wealth of precedent in this circuit that seeks to remain faithful to the plain language of the sentencing guidelines. *See, e.g., United States v. Wilson,* 927 F.2d 1188, 1189 (11th Cir.1991) (per curiam); *United States v. Alamin,* 895 F.2d 1335, 1337 (11th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 196, 112 L.Ed.2d 158 (1990). The district court did not err in declining to apply section 2P1.1(b)(3) even though Strachan was not formally convicted of committing any offenses that occurred during his escape.

## II.

 Having rejected Strachan's principal argument, we must affirm his sentence unless the district court incorrectly concluded that Strachan committed an offense punishable by one year or more during his escape. "When reviewing a sentence for which a sentencing guideline has been issued by the United States Sentencing Commission, this Court accepts the district court's findings of facts unless they are clearly erroneous and gives due deference to a district court's application of the sentencing guidelines to those facts." *United States v. Marin,* 916 F.2d 1536, 1538 (11th Cir.1990) (per curiam).

We conclude that there was ample evidence supporting the district court's finding that Strachan committed an offense while away from custody. The government proffered an indictment from a federal court in Mississippi charging the defendant with crimes relating to his involve-

ment in a conspiracy to distribute six kilograms of cocaine. At Strachan's sentencing hearing, there was also testimony that Strachan had admitted his participation in the cocaine conspiracy to two law enforcement officers. The defendant did not offer any contradictory evidence. On such a record, we cannot fault the sentencing court's finding that Strachan committed an offense during his escape. Therefore, it was not error to refuse to apply the reduction provided in U.S.S.G. § 2P1.1(b)(3).

Strachan's sentence is AFFIRMED.