IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50954
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROBERT DE LA GARZA,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-95-CV-0804
- - - - - - - - - -
September 2, 1998

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

        Robert De La Garza, federal inmate # 59844-080, appeals the
district court's dismissal of his 28 U.S.C. § 2255 motion.  De La
Garza's motion for leave to file a reply brief out-of-time is
GRANTED.

        De La Garza challenges the validity of his guilty plea,
which included a waiver of the right to appeal and of the right
to challenge his sentence in a postconviction proceeding.  De La
Garza contends that counsel's ineffective assistance caused him
to enter an invalid plea.  He also contends that he did not

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

understand that he was waiving the right to appeal his sentence and the right to challenge the sentence in a 28 U.S.C. § 2255 motion.

Generally, the validity of a guilty plea cannot be attacked on collateral review unless the issue is first raised on direct review. See Bousley v. United States, 118 S. Ct. 1604, 1610 (1998). However, because De La Garza asserts that counsel's ineffective assistance prompted him to enter a plea without understanding the rights he was waiving, the claim is addressed. See United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992) (an ineffective-assistance-of-counsel claim is of constitutional magnitude and satisfies the cause and prejudice standard for collateral review).

A defendant may waive his right to appeal and to pursue postconviction relief as part of a plea agreement, but the waiver must be informed and voluntary. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). When the record clearly shows that the movant read and understood the plea agreement and that he raised no question regarding the waiver-of-appeal provision, the plea agreement is upheld. United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994).

The record of De La Garza's rearraignment demonstrates that he entered a knowing and voluntary guilty plea. De La Garza stated under oath at the rearraignment that he understood, and agreed to, all the terms in the plea agreement. Solemn declarations in open court carry a strong presumption of verity. Blackledge v. Allison, 431 U.S. 63, 74 (1977). Furthermore, De

La Garza was not denied a direct appeal or consideration of his § 2255 claims.

De La Garza correctly contends that the waiver provision in his plea agreement does not preclude consideration of ineffective-assistance claims in a § 2255 proceeding.  De La Garza contends that trial counsel provided ineffective assistance by failing to challenge the use of his state drug convictions to sentence him as a career offender on the grounds that the convictions were related and consolidated, by failing to investigate and discover defenses to the use of the state court convictions to sentence him as a career offender, and for failing to make the district court aware of Question 86 of the Most Frequently Asked Questions about the Sentencing Guidelines (MFAQ 86).  The district court, in an alternative holding, accepted the magistrate judge's report and recommendation, which rejected De La Garza's ineffective-assistance claims on the merits.  We have reviewed the record and the district court's opinion and find no reversible error.  Accordingly, we AFFIRM the district court's denial of § 2255 relief on De La Garza's ineffective-assistance claims for the reasons accepted by the district court.  See De La Garza v. United States, No. SA-95-CV-0804 (W.D. Tex. Nov. 27, 1996).

De La Garza contends also that counsel provided ineffective assistance by failing to challenge the validity of his state court convictions as unconstitutional and based on his allegation that he was denied a direct appeal in state court.  De La Garza has not shown prejudice from counsel's alleged failure to raise

these issues.  See Strickland v. Washington, 466 U.S. 668, 687 (1984)(ineffective assistance requires showing of deficient performance and prejudice).  De La Garza's conclusional assertions are insufficient to establish ineffective assistance. Lincecum v. Collins, 958 F.2d 1271, 1279-80 (5th Cir. 1992) (ineffectiveness claim based on speculation or conclusional rhetoric will not warrant relief).  In addition, the record refutes De La Garza's assertion that counsel in the state court proceedings failed to inform him of the appeal period.  Moreover, De La Garza has not shown that the district court would have exercised its discretion to entertain challenges to the state court convictions.  See United States v. Canales, 960 F.2d 1311, 1316 (5th Cir. 1992); see United States v. Shannon, 21 F.3d 77, 82 (5th Cir. 1994).

De La Garza's claims that appellate counsel provided ineffective assistance by failing to raise the MFAQ 86 issue and by failing to assert that counsel in the district court provided ineffective assistance are without merit.  De La Garza has not shown that counsel in the district court provided ineffective assistance and advisories such as that presented by MFAQ 86 are not precedent and are not binding on the courts.  See United States v. Kings, 981 F.2d 790, 795 n.10 (5th Cir. 1993).

We will not consider De La Garza's contention that his attorney coerced him into pleading guilty, which is raised for the first time in a reply brief.  See Stephens v. C.I.T. Group/Equip. Fin., Inc., 955 F.2d 1023, 1026 (5th Cir. 1992).

Finally, we do not consider De La Garza's repeated challenge to the district court's application of the career offender provision.  We rejected that argument on direct appeal.  <u>See</u> <u>United States v. De La Garza</u>, No. 92-5657 (5th Cir. June 23, 1993 (unpublished); <u>see</u> <u>United States v. Kalish</u>, 780 F.2d 506, 508 (5th Cir. 1986)(issues raised and disposed of in a previous appeal are not considered under § 2255).

AFFIRMED; MOTION GRANTED.