IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60193
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JERRY STEWART,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi

--------------------
September 21, 1999

Before POLITZ, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

      Defendant-Appellant Jerry Stewart appeals the sentence imposed following his plea of guilty to charges of possession of child pornography and possession of stolen property.  For the reasons set forth below, we affirm Stewart's sentence.

I.
FACTS AND PROCEEDINGS

      Pursuant to a plea agreement, Stewart pleaded guilty to one

_____

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

count of possession of child pornography (Count One) and one count of possession of stolen goods (Count Two). According to the presentence report (PSR), a confidential informant (CI) told federal agents that he stole computer equipment from a Tennessee company and delivered the equipment to Stewart. The CI also told the agents that Stewart had numerous visual depictions of minors engaging in sexually explicit conduct. A search of Stewart's residence in Mississippi revealed stolen computer equipment and approximately 1000 computer-generated child pornography images. Polaroid pictures and videotapes depicting child pornography were also found. At least one of the videotapes showed Stewart and Stewart's wife (Janice) having sex with Janice's 13-year old daughter, Stewart's stepdaughter.[1]

As calculated by the PSR, Stewart's offense level is 33 for possession of child pornography and eight for possession of stolen property. The PSR combined the offenses pursuant to U.S.S.G. § 3D1.4, resulting in an offense level of 33. Crediting Stewart with acceptance of responsibility, his offense level was reduced to 30. Stewart had one prior conviction for which a sentence had been imposed in Tennessee for interstate transfer of child pornography. With a criminal history category of II, the PSR recommended a sentence between 108 to 135 months' imprisonment.[2]

---

[1] Although Stewart's conduct indicated that he committed an offense of sexual exploitation of a minor, see 18 U.S.C. § 2251(a), Stewart was charged with only possession of child pornography under § 2252A(a)(5)(B).

[2] It appears that the PSR mistakenly determined that Stewart's criminal history score was 4, which placed him in

Stewart raised two objections. First, he pointed out that the Tennessee district court made an upward departure of 43 months from the recommended Guidelines range based on conduct forming the basis of Count One, his Mississippi child-pornography offense. Stewart argued that, because the sentence for the Tennessee offense already punished the criminal activity covered in Count One, his sentence for that count should run concurrently with the Tennessee sentence. In his second objection, Stewart noted that the maximum sentence for Count One was five years' imprisonment, see 18 U.S.C. § 2252(A)(a)(5)(B), and that the Guidelines range for Count Two was four to ten months' imprisonment. He insisted that combining Count One and Count Two to achieve a sentence higher than the statutory maximum for Count One was unfair, urging that he should be sentenced to 60 months' imprisonment for Count One and four to ten months' imprisonment for Count Two.

The sentencing court, acknowledging that the Tennessee court's upward departure of 43 months was for the same conduct covered in Count One, subtracted 43 months from the recommended maximum 135-months Guidelines sentence. With respect to Stewart's other objection, the court stated that it would not exceed the statutory five-year maximum sentence for Count One. After observing that subtraction of 43 months from the recommended 135-month maximum combined Guidelines sentence results in a Guidelines range with a

category III. Stewart had only one prior sentence which counted toward the calculation of his criminal history score, and his criminal history score should have been 3. See U.S.S.G. § 4A1.1. When calculating the Guidelines range, however, the PSR correctly considered Stewart to be in criminal history category II.

3

92 months' maximum, the court imposed a sentence of 92 months' imprisonment: 60 months for Count One (the statutory maximum) and a consecutive 32 months for Count Two. The court also sentenced Stewart to three years' supervised release, a special assessment of $100, and restitution of $8,368 (the value of the stolen computer equipment). Stewart timely filed a notice of appeal.

## II.
## ANALYSIS

Stewart states that the recommended Guidelines range (108 to 135 months) was based entirely on the conduct for Count One (child pornography) and that Count Two (possession of stolen property) did not increase the applicable range for the combined sentence for both counts. Stewart argues on appeal that, because the Guidelines range exceeded the statutory range for Count One, we should declare a portion of Section 5G1.2 of the Guidelines unconstitutional as violative of due process by permitting imposition of a prison sentence in excess of the maximum set by Congress.

Section 5G1.2 applies to multiple counts contained in the same indictment. See § 5G1.2, comment. This section provides that the sentence imposed on each count "shall be the total punishment as determined in accordance with Part D of Chapter Three, and Part C of this Chapter." § 5G1.2(b). This section further instructs that "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." § 5G1.2(d). The

4

"total punishment" is determined by combining the offense levels for the offenses.  See §§ 3D1.4 and 3D1.5.  The combined offense level is calculated by using the offense level of the offense with the highest offense level and adding levels in accordance with the table in § 3D1.4.  No levels are added for an offense with an offense level that is nine or more levels less than the offense level being used.  See § 3D1.4(c).

Stewart's child pornography offense yielded an offense level of 33, and his offense level for possession of stolen property was eight.  His combined offense level of 33 was thus proper under § 3D1.4, and the PSR's recommended range was thus in accordance with the Guidelines, even though the statutory maximum for the child pornography offense was only five years.

Stewart's argument presents essentially the same issue that we addressed in United States v. Kings, 981 F.2d 790, 797-99 (5th Cir. 1993), a case relied on here by the government.  In Kings, the defendant was convicted of credit card fraud and assault of an officer while resisting arrest.  The base offense level for the credit card offense was 12 or 15; the base level for the assault offense was 26.  Id. at 795-96 n.11.  The combined Guidelines range (120 to 150 months) was thus determined entirely by the assault offense.  Id. at n.11, 797; see also § 3D1.4.  The statutory maximum sentence for the credit card fraud offense was 120 months; the statutory maximum for the assault offense was 36 months.  The trial court sentenced Kings to 150 months, comprising consecutive terms of 120 months for the credit card offense and 30 months for

5

the assault offense.  See id. at 794.  Kings argued on appeal that, because the assault offense wholly determined his offense level when combining the counts under § 3D1.4, any sentence beyond 36 months (the statutory maximum for the assault offense) constituted a punishment beyond that prescribed by law and thus violated due process.  Id. at 799.  We disagreed, concluding that Kings was properly sentenced under the Guidelines, that the Guidelines range did not exceed the combined statutory range for his two offenses, and that Kings's claim was not of a "constitutional magnitude" and was without merit.  Id.

As noted above, Stewart's sentence of 92 months' imprisonment is in accordance with the Sentencing Guidelines.  Furthermore, his sentence does not exceed the 15-years aggregate statutory maximum sentence for the combined offenses (five years for child pornography and ten years for possession of stolen property).  See 18 U.S.C. § 2252A(b)(2) (possession of child pornography) and § 2315 (possession of stolen property).  When viewed in light of our reasoning and holding in Kings, Stewart's arguments are without merit.

AFFIRMED.