United States Court of Appeals
Fifth Circuit

**F I L E D**

April 21, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40928
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELROY GUZMAN-RESENDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(1:04-CR-139)
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Elroy Guzman-Resendez (Guzman) appeals the sentence imposed following his guilty plea for possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Guzman to 151 months of imprisonment and three years of supervised release.

Guzman asserts that his Sixth Amendment rights were violated when the district court determined the necessary facts to qualify him for a career offender enhancement under U.S.S.G. § 4B1.1 by a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

preponderance of the evidence rather than beyond a reasonable doubt. Guzman's argument is foreclosed by our decision in United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Post-Booker, "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." Id.

Additionally, we have held that "[t]here is no Sixth Amendment violation with respect to post-trial consideration of career offender status." United States v. Guevara, 408 F.3d 252, 261 (5th Cir. 2005), cert. denied, 126 S. Ct. 1080 (2006). Aside from Guzman's age, which he admitted at his rearraignment hearing, the determinations made in the course of a career offender classification are all questions of law. Id. at 261.

Guzman also contends that, because § 4B1.1 uses the same adult felony controlled substance convictions to increase his base offense level and his criminal history category, the result is impermissible double counting. The Guidelines do not contain a general prohibition against double counting. See United States v. Calbat, 266 F.3d 358, 364 (5th Cir. 2001). It is prohibited only if the particular guideline at issue expressly forbids double counting. Id. And, § 4B1.1 does not do so. Additionally, we have stated that "double counting is legitimate where a single act is relevant to two dimensions of the Guidelines analysis," such as using a prior conviction to determine the defendant's base offense

2

level and criminal history.  <u>United States v. Kings</u>, 981 F.2d 790, 796-97 (5th Cir. 1993).

Guzman further insists that his sentence is unreasonable.  The district court fulfilled its duty to consider all of the 18 U.S.C. § 3553 factors and sentenced Guzman to 151 months of imprisonment, which was the low end of the sentencing range.  <u>See</u> <u>United States v. Mares</u>, 402 F.3d 511, 519 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005).  This sentence is within the properly calculated advisory Guidelines range and is presumptively reasonable.  <u>United States v. Alonzo</u>, 435 F.3d 551, 554-55 (5th Cir. 2006).  There is no indication that the sentence imposed was unreasonable.  <u>See</u> <u>Mares</u>, 402 F.3d at 519.

The district court's judgment is AFFIRMED.