# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 12, 2011

No. 10-50696
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNESTO CASTRO-SANCHEZ,
Also Known as Ernesto Castro-Juarez, Also Known as Nestor Chavez-Lopez,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 3:10-CR-682-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ernesto Castro-Sanchez appeals the 30-month sentence imposed following

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50696

his guilty-plea conviction of illegal reentry into the United States following removal. He contends that the within-guidelines sentence is greater than necessary to satisfy the sentencing goals in 18 U.S.C. § 3553(a) and therefore is substantively unreasonable. He specifically argues that U.S.S.G. § 2L1.2 essentially double-counts his criminal history. He contends that his offense constitutes a mere international trespass and that the guideline range failed to reflect his personal history and characteristics, including his benign motive for reentering.

Because Castro-Sanchez did not object to the reasonableness of his sentence in the district court, we review for plain error. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). This guidelines-range sentence is entitled to a rebuttable presumption of reasonableness. *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).

We have rejected the argument that an appellant is entitled to relief because § 2L1.2 double-counts a criminal history. *United States v. Kings*, 981 F.2d 790, 796 (5th Cir. 1993). We have also determined that the "international trespass" argument does not justify disturbing an otherwise presumptively reasonable sentence. *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The district court made an individualized sentencing decision based on the facts in light of the factors in § 3553(a). *See Gall*, 552 U.S. at 49-50. The conclusion that a within-guidelines sentence is appropriate is entitled to deference, and we presume that it is reasonable. *See id.* at 51-52; *Newson*, 515 F.3d at 379. There is no reason to disturb the discretionary decision to impose a sentence within the guideline range.

AFFIRMED.