**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Peppe PARK, Defendant–Appellant.**

**No. 91–3575.**

United States Court of Appeals,
Eleventh Circuit.

April 14, 1993.

---

H. Jay Stevens, Office of Federal Public Defender, Joel T. Remland, Asst. Federal Public Defender, Orlando, FL, for defendant-appellant.

Robert W. Genzman, U.S. Atty., Larry H. Colleton, Tamra Phipps, Asst. U.S. Attys., Orlando, FL, for plaintiff-appellee.

Before COX, Circuit Judge, MORGAN and HENDERSON, Senior Circuit Judges.

PER CURIAM:

Peppe Park was charged by an indictment with assaulting an Internal Revenue agent in violation of 18 U.S.C. § 111(a)(1) and (b) and forcibly rescuing property seized by the United States pursuant to the Internal Revenue laws, in violation of 26 U.S.C. § 7212(b). He pleaded not guilty. A jury found him guilty on both counts. The district court sentenced him to a forty-one month prison term and a three-year term of supervised release. Park appeals, challenging only his sentence. We affirm.

## I. FACTS [1]

Peppe Park owed delinquent payroll taxes from the operation of his business. On

---

1. The facts are summarized from the offense conduct described in the Presentence Investigation Report in this case, which the district court

November 14, 1990, I.R.S. agents and a tow truck driver went to Park's home where they attempted to seize a tractor, which they believed Park owned. Park's mother observed them loading the tractor onto the tow truck. She inquired as to their intentions and told them that Park did not own the tractor—that he was buying it from someone else. She then called Park.

When Park arrived, he drove rapidly toward the agents and tow truck driver. He brought his truck to a sliding stop. After he exited the truck, he picked up a long metal pipe, which he raised over his head. He told the agents and tow truck driver to remove the tractor from the tow truck bed and that he would "bash" their heads in if they refused. The agents and tow truck driver believed that they were in danger so they began to comply with his demand. They had some difficulty starting the tractor. At this time, Park dropped the pipe and assisted the others in removing the tractor from the tow truck.

## II.  ISSUES ON APPEAL

Park raises three issues on appeal. Park contends that the court erred in denying him a two-level reduction in his offense level for acceptance of responsibility. This argument is meritless.[2]

■ Park also contends that the district court erred in characterizing his conduct as an aggravated assault rather than as a minor assault. Finally, Park asserts error in the district court's enhancement of Park's offense level for the official status of the assault victim. On this third issue, Park contends that the sentencing guideline the court used to establish his base offense level accounted for the official sta-

tus of the victim of the assault. Park, therefore, concludes that the court's application of a guideline enhancement for an official victim resulted in improper double counting.[3]

## III.  DISCUSSION

### A.  Aggravated Assault

■ Park argues that the district court incorrectly found that he intended to harm the victims of the assault and that this finding resulted in the court's erroneous application of the base offense level for aggravated assault, U.S.S.G. § 2A2.2.[4] He contends that § 2A2.3, which establishes the offense level for minor assault, is the appropriate guideline. Park presents this contention for the first time on appeal. Before the sentencing judge, Park argued that § 2A2.4, which sets the level for impeding a federal officer, is the appropriate guideline. In any event, the district court did not err in concluding that Park's conduct constituted an aggravated assault.

■ When a defendant argues that the district court made erroneous findings of fact and as a consequence applied the Sentencing Guidelines incorrectly, the challenge presents a pure question of fact. *United States v. Scroggins*, 880 F.2d 1204, 1206 (11th Cir.1989), *cert. denied*, 494 U.S. 1083, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990). In deciding such an issue, "the appellate court 'shall give due regard to the opportunity of the [sentencing] court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous.' " *Id.* (quoting 18 U.S.C. § 3742(e)).

adopted, at sentencing, as an accurate account of the facts underlying the offense.

2.  We will not disturb the sentencing court's finding as to acceptance of responsibility unless it is clearly erroneous. *United States v. Query*, 928 F.2d 383, 386 (11th Cir.1991). The sentencing transcript supports the district court's conclusion that Park did not accept "personal responsibility for his criminal conduct," as required by U.S.S.G. § 3E1.1; therefore, Park is not entitled to a two-point reduction of his base offense level.

3.  Park raises on appeal the additional argument that this application of the guidelines violates his right against double jeopardy. We will not address this argument because Park failed to make it in the district court.

4.  Throughout this opinion, the Guidelines Manual of the United States Sentencing Commission will be cited as U.S.S.G. Park was sentenced in May of 1991; accordingly, all references herein are to the guidelines effective November 1990.

The first application note under U.S.S.G. § 2A2.2 defines an aggravated assault as one that is committed with a dangerous weapon with the intent to do serious bodily harm. At trial, witnesses testified that Park held a metal pipe, swinging it as though it were a bat; he threatened to bash their heads in if they did not comply with his demand; he was angry; and at least one witness feared for her life. Park testified at sentencing that he did not intend to harm the agents and tow truck driver. The district court was not required to believe Park's testimony regarding his intent in the face of evidence to the contrary. Based on all of the evidence, the district court's finding that the assault was an aggravated assault under U.S.S.G. § 2A2.2 was not clearly erroneous.

### B. Enhancement for Official Victim

█ The district court's application of U.S.S.G. § 3A1.2 to enhance Park's sentence because of the official status of the victim is appropriate under the Sentencing Guidelines. Park was convicted under 18 U.S.C. § 111(a)(1) and (b) of assaulting an Internal Revenue officer. The appropriate guideline for this offense is § 2A2.2. U.S.S.G.App. A at A.3 (also citing § 2A2.4, Obstructing or Impeding Officers, as possibly appropriate for this offense, depending upon the circumstances). The crime for which Park was convicted includes as an element that the victim was a federal official; therefore, Park contends that consideration for the official status of the victim is included within the base offense level set by U.S.S.G. § 2A2.2. To apply the enhancement for an official victim, Park argues, would be improper double counting. We disagree.

█ The enhancement under U.S.S.G. § 3A1.2 allows the court to consider the degree of culpability and to prescribe a greater punishment in certain instances than U.S.S.G. § 2A2.2 alone prescribes for a violation of 18 U.S.C. § 111. Specifically, 18 U.S.C. § 111 does not require the Government to prove that the defendant knew that the victim was an officer. *United States v. Alvarez*, 755 F.2d 830, 842 (11th Cir.1985). In contrast, the sentencing guideline enhancement for official status of the victim provides:

If—

(a) the victim was a law enforcement . . . officer,; . . . an officer or employee included in 18 U.S.C. § 1114 [including I.R.S. employees]; . . . and the offense of conviction was motivated by such status;

.   .   .   .   .

increase by 3 levels.

U.S.S.G. § 3A1.2. Thus, enhancement under the guideline requires the additional showing that the defendant know that the victim is an official. The guideline enhancement for official status contemplates that additional punishment is appropriate if the defendant is aware of the official status of the victim. *See United States v. Padilla*, 961 F.2d 322, 327 (2d Cir.) (recognizing this distinction between the elements of the crime under 18 U.S.C. § 111 and the requirements of U.S.S.G. § 3A1.2 for enhancement for official victim), *cert. denied*, ─── U.S. ───, 113 S.Ct. 138, 121 L.Ed.2d 91 (1992).

We, therefore, hold that when a defendant has been convicted of assaulting an I.R.S. agent in violation of 18 U.S.C. § 111 and assigned a base offense level for aggravated assault, according to U.S.S.G. § 2A2.2, a sentencing court's enhancement for the victim's official status, under U.S.S.G. § 3A1.2, does not constitute improper double counting.

Park does not contend that he did not know that the victims of the assault were I.R.S. employees or that he was not motivated by their status as such. Park, therefore, has not demonstrated error in the district court's enhancement of his sentence under U.S.S.G. § 3A1.2.

### IV. CONCLUSION

Park has not demonstrated error in his sentence. Accordingly, we affirm Park's sentence.

AFFIRMED.