47 F.3d 1171
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Nathan HARTON, Defendant-Appellant.
 No. 93-5306.
 United States Court of Appeals, Sixth Circuit.
 Jan. 13, 1995.
 
 On Appeal from the United States District Court for the Middle District of Tennessee, at Nashville, No. 91-00164; Thomas A. Higgins, Judge.
 M.D.Tenn.
 REVERSED.
 Before: NORRIS and DAUGHTREY, Circuit Judges; and GILMORE, Senior District Judge.*
 PER CURIAM:
 
 
 1
 In this appeal, the defendant-appellant, William Nathan Harton, challenges the district court's decision to grant an upward departure from the applicable sentencing guidelines. Specifically, the defendant-appellant contends that the court's decision to grant an upward departure was based on factors which had already been considered by the guidelines; and therefore, an upward departure was not appropriate. Although the United States concedes that the district court was precluded from granting an upward departure for the reasons stated on the record at the sentencing hearing, the government argues that the error was harmless because the court would have imposed the same sentence had it not relied upon the invalid factors. The question presented for review, then, is whether the district court's upward departure was justified and, if it was not, whether the error was harmless. For the reasons that follow, we reverse.
 
 
 2
 On January 26, 1991, defendant-appellant was arrested by officers of the Metropolitan Nashville Police Department for purchasing one pound of marijuana from a wired confidential informant. A search of Harton's person yielded a loaded .25 caliber semi-automatic pistol, a mobilecom pager, a Wilson County, Tennessee Sheriff's commission card, and a badge. In addition, the following items were seized from Harton's car: the pound of marijuana that Harton had just purchased, various drug tablets, drug paraphernalia, and a loaded 9 mm. automatic pistol.
 
 
 3
 After obtaining a search warrant for Harton's residence, the police recovered approximately seven pounds of marijuana and at least thirteen other firearms. Among the firearms seized from defendant's home was a .22 caliber automatic handgun that was equipped with a silencer and a Sendra Corporation M15A1 .223 caliber rifle.
 
 
 4
 A four-count indictment was returned against Harton, and on December 2, 1991, defendant-appellant entered a plea of guilty to count one (possession with intent to distribute marijuana) and count two (possession of firearms during the commission of a drug trafficking offense) pursuant to a Rule 11 agreement. According to the Rule 11, the government agreed that it would recommend a downward departure based on Harton's "substantial assistance" pursuant to Sentencing Guideline 5K1.1, and the court set sentencing for February 14, 1992.
 
 
 5
 Subsequent to his plea, but before the date set for sentencing, Harton fled the jurisdiction. On October 1, 1992, he was arrested in Alabama and returned to the custody of the Marshal for the Middle District of Tennessee.
 
 
 6
 On October 28, 1992, the Government filed a motion to rescind part of its plea agreement to the extent that the Government would no longer file a motion under Sec. 5K1.1 for downward departure, and the court, on December 2, 1992, granted the Government's motion to rescind that portion of the plea agreement.
 
 
 7
 A presentence report was subsequently prepared by the probation department. According to the report, defendant-appellant had a total offense level of 18 and a criminal history category of I. These scores yielded a guideline range of 27 to 33 months for Harton's conviction on count I.
 
 
 8
 On December 22, 1992, the Government gave notice that it would seek an upward departure from the sentencing guidelines, and a sentencing hearing was set for February 11, 1993. At the sentencing hearing, the court granted the Government's motion for an upward departure with respect to Count One of the Indictment, and sentenced Harton to the custody of the Attorney General for thirty-six (36) months, followed by a sixty (60) month mandatory consecutive sentence for his conviction on Count Two.
 
 
 9
 In granting the government's request for an upward departure, the district court relied on the relevant conduct of the defendant-appellant, the quantities of marijuana and other narcotics found in his home, the presence of numerous weapons found in his home and Harton's failure to account for certain machine guns registered to him. The court determined that the circumstances were of a nature, kind or degree not adequately taken into consideration by the sentencing guidelines.
 
 
 10
 On appeal, the United States concedes that it was error for the district court to increase Harton's criminal history category from I to II[1]; however, it maintains the error was harmless in light of the fact that the court could have increased Harton's base offense level from 18 to 20. Relying on Guideline Section 2D1.1(b), the government argues that if a dangerous weapon, including a firearm, is possessed in connection with a drug offense, the guidelines authorize a 2-level increase in the base offense level. Accordingly, the government asserts that the trial court could have increased the base offense level of 16 by 4 levels (2 levels for obstruction of justice and 2 levels for the specific offense characteristic of possessing a dangerous weapon in connection with a drug offense). Since an adjusted offense level of 20 with a criminal history category of I results in a guideline range of 33-41 months, the government argues that the court would have imposed the same sentence (36 months) had it not relied on the invalid sentencing factors. In other words, "the error did not affect the district court's selection of the sentence imposed." Williams v. United States, U.S. , 112 S.Ct. 1112, 1121, 117 L.Ed.2d 341 (1992)
 
 
 11
 We cannot agree that the court's sentencing error was harmless. Although the government is correct in its statement that Guideline Sec. 2D1.1(b) provides for a two-level enhancement as a specific offense characteristic when a dangerous weapon or firearm is possessed in connection with a drug offense, that section must be read in conjunction with Guideline Sec. 2K2.4, the guideline governing Harton's sentence on his conviction under count II of the indictment. Pursuant to Sec. 2k2.4, Harton received a five-year (60-month) sentence for his conviction under 18 U.S.C. Sec. 924(c) for use of a firearm in relation to a crime. To avoid double-counting, application Note 2 to Sec. 2K2.4 provides that "[w]here a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific characteristic for the possession, use, or discharge of a firearm ... is not to be applied in respect to the guideline for the underlying offense [except under certain circumstances not applicable in this case]." See also, United States v. Harris, 959 F.2d 246, 266-267 (D.C. Cir.), cert. denied, 113 S.Ct. 362 (1992); United States v. Howard, 998 F.2d 42, 48 (2nd Cir. 1993). Thus, the district court could not have sentenced Harton using an adjusted offense level of 20. Instead, proper application of the sentencing guidelines would yield a guideline range of 27-33 months based on an adjusted offense level of 18 and a criminal history category of I. Since the sentence Harton received exceeded the maximum allowable sentence, the district court's error cannot be considered harmless and this case must be remanded for resentencing pursuant to 18 U.S.C. Sec. 3742(f)(1).
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 In addition to the fact that the district court's decision to grant an upward departure was based on circumstances adequately considered by the Sentencing Guidelines, there was no basis, whatsoever, for the court to change Harton's criminal history category from I to II