**UNITED STATES of America, Plaintiff,**

v.

**Michael EARVIN, Defendant.**

**No. 98–CR–0069.**

United States District Court,
E.D. Wisconsin.

Nov. 5, 1998.

Paul L. Kanter, U.S Attorney, Milwaukee, WI, for Plaintiff.

Marvin T. Gross, Wauwatosa, WI, for Defendant.

**MEMORANDUM**

ADELMAN, District Judge.

On Aug. 4, 1998, Michael Earvin pleaded guilty to three counts: Count I—felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); Count II—possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1); and Count III—use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The following alleged facts are taken from the presentence investigation report and from defendant's statement, prepared for the report.

**I. FACTUAL SUMMARY**

According to the government, Milwaukee police officers went to Earvin's residence on

March 4, 1998, to arrest him on a parole violation warrant. Defendant allegedly saw police approaching and turned and ran up the stairs. The police pursued Earvin, who dropped a loaded magazine to a 9 mm pistol on the stairs. The police claim that they later recovered the firearm in a second floor closet next to the bathroom where Earvin was arrested. From the kitchen table of the residence, police recovered approximately .9 grams of crack cocaine packaged in the cut corners of plastic baggies. Also on the table were a razor blade, a box of plastic bags, and several bags with the corners already cut.

According to defendant, Earvin and a friend were smoking marijuana and cocaine at home on March 4, 1998. Defendant states that he only sold marijuana, although his friend was selling rock cocaine. When police arrived, Earvin claims that he ran upstairs not knowing who exactly was at the door. Defendant does not deny that the pistol was his, but he claims that it was never found inside the house.

## II. APPLICABLE SENTENCING GUIDELINES

The United States Sentencing Guidelines ("Guidelines") indicate that the base offense level for a felon in possession violation under 18 U.S.C. § 922(g)(1) is 20 if defendant had one prior felony conviction of either a crime of violence or a controlled substance offense. U.S.S.G. § 2K2.1(a)(4)(A). Earvin was convicted of armed robbery (party to a crime) in Milwaukee County Circuit Court Case No. F–951467 in November 1995. In addition, specific offense characteristic § 2K2.1(b)(5) of the Guidelines indicates that a 4–point enhancement to this base offense level is warranted if defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5). Specifically, then, Count I could merit an offense level of 24 points if the enhancement is applied.

Count II, possession with intent to distribute under 21 U.S.C. § 841(a)(1), starts at a base offense level of 16, consistent with Earvin's possession of .9 grams of cocaine base. *See* U.S.S.G. § 2D1.1(c)(12). Because defendant will also be sentenced for use of a firearm in relation to drug trafficking under 18 U.S.C. § 924(c) (imposing a five-year mandatory consecutive sentence), the 2–point enhancement for possessing a firearm under § 2D1.1(b)(1) cannot be sought on Count II. *See* U.S.S.G. § 2K2.4, comment. (n. 2).

Finally, the Guidelines indicate that Counts I and II should be grouped together because the drug trafficking charge embodies conduct that may be treated as a specific offense characteristic in or adjustment to the guideline applicable to the felon in possession count, and vice versa. *See* U.S.S.G. § 3D1.2(c). The grouped offense level for Counts I and II is then either 20 or 24, depending on whether the § 2K2.1(b)(5) enhancement is applied, because either is higher than 16. *See* U.S.S.G. § 3D1.3.

## III. DISCUSSION

Defendant argues that imposition of *both* the 4–point enhancement for using or possessing a firearm in connection with the drug trafficking offense, § 2K2.1(b)(5), *and* the five-year mandatory consecutive sentence for using or carrying a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1), is double counting.

Impermissible double counting occurs when the court applies two or more upward adjustments that are premised on the same conduct. *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir.1997). The Guidelines reflect a general policy against double counting. Provisions for grouping similar conduct and offenses exhibit this policy most clearly. *United States v. Rice*, 52 F.3d 843, 850 (10th Cir.1995); *see also United States v. Bell*, 716 F.Supp. 1207, 1210–11 (D.Minn.1989) (collecting Guideline provisions and application notes). Nevertheless, the presumption in most circuits, including this one, is that double counting is permissible unless expressly prohibited by the Guidelines or unless "a compelling basis exists for implying such a prohibition." *United States v. Harris*, 41 F.3d 1121, 1123 (7th Cir.1994) (collecting cases).

In this instance, I believe such a compelling basis exists. Defendant has pleaded guilty to three counts, but his offense conduct may be succinctly described as: being a felon in possession of a gun, engaging in drug

trafficking, and using the gun to further the drug trafficking activity. The applicable Guidelines reflect an awareness that the particular intersection between the gun and the drug trafficking is susceptible to double counting, and clearly indicate that this outcome is not permissible. In the guidelines applicable to the case before me, I see this indicated in two ways. First, Application Note 2 to § 2K2.4 addresses potential double counting in the overlap of Counts II and III, by precluding a 2–point gun enhancement to the drug trafficking base offense level when a five-year consecutive sentence is also imposed under 18 U.S.C. § 924(c)(1).[1] Second, the grouping requirements in § 3D1.2(c) and § 3D1.3 address potential double counting in the overlap of Counts I and II, by treating the drug trafficking count as a specific offense characteristic added to the felon in possession base offense level. Thus, it appears clear that the Guidelines disfavor layered penalties for substantially identical conduct involving, at base, the use of a gun to traffic drugs.

The few circuits that have addressed the double counting issue in precisely this context are split. See *United States v. Flennory*, 145 F.3d 1264, 1267–69 (11th Cir.1998); *United States v. Paredes*, 139 F.3d 840, 845–46 (11th Cir.1998); and *United States v. Sanders*, 982 F.2d 4, 7–8 (1st Cir.1992), all finding double counting permissible here because not expressly prohibited. *But see United States v. Vincent*, 20 F.3d 229, 240–41 (6th Cir.1994) (finding double counting in this context impermissible), *habeas granted on other grounds*, 1996 WL 495575 (W.D.Mich. July 3, 1996).

The Eleventh Circuit cases do rely in part on *United States v. Mrazek*, 998 F.2d 453 (7th Cir.1993). In *Mrazek*, the defendant pleaded guilty to three counts of armed bank robbery and one count of using a firearm in relation to a violent crime under 18 U.S.C. § 924(c). *Id.* at 454. The Guidelines indicate a 5–point enhancement to the base offense level for bank robbery for displaying a firearm. U.S.S.G. § 2B3.1(b)(2)(C). So the question before the *Mrazek* court was whether, consistent with Application Note 2 to § 2K2.4, the mandatory five years for the § 924(c) conviction precluded the imposition of the 5–point increase for only one robbery, or for all three. The court held that the 5–point enhancement was barred as to only one robbery. *Id.* at 455. The other two robbery counts could be enhanced for use of a gun— meaning that after grouping the final offense level would be dominated by the enhanced counts. *Id.* The court's rationale for why this was *not* impermissible double counting is important:

> Nothing has been counted twice. There were three robberies, all armed. The gun was taken into account once per robbery— via § 2B3.1(b)(2)(C) for the first two robberies, and via § 924(c) for the third robbery. . . .
>
> . . . Mrazek received a colossal benefit when the prosecutor brought only one charge under § 924(c). The Guidelines do not require the court to treat the other two robberies as if they had been unarmed.

*Id.*

The facts of the instant case differ considerably from the situation in *Mrazek*. The offense conduct underlying Earvin's present convictions consists of only *one* instance of gun use in relation to a crime of violence or drug trafficking.[2] The discrete use of the 9 mm pistol in connection to defendant's drug activity on March 4, 1998, would indeed be "counted twice" if Earvin's sentence were raised by both the five-year § 924(c) term and the 4–point enhancement under § 2K2.1(b)(5).

---

**1.** Application Note 2 to U.S.S.G. § 2K2.4 states: "Where a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use, or discharge of an explosive or firearm. (*e.g.*, § 2B3.1(b)(2)(A)–(F) (Robbery)) is not to be applied in respect to the guideline for the underlying offense."

**2.** The presentence report mentions a .38 caliber revolver which was recovered under a couch in defendant's residence after Earvin directed police to it. Defendant, however, says that this gun belonged to his uncle, whose house Earvin resided in. There has been no argument or showing from the government that the second gun was used or possessed in connection with Earvin's drug selling activity, so I decline to consider the revolver in sentencing defendant.

Notwithstanding this obvious distinction between *Mrazek* and cases such as this one, the Eleventh Circuit cites *Mrazek* for the proposition that Application Note 2 to § 2K2.4 does not explicitly bar an enhancement for related gun possession unless the "underlying offense" is "the crime during which, by using the gun, the defendant violated § 924(c)." *Mrazek* at 455; *Paredes* at 846; *see supra* note 1. But applying this reasoning to a felon in possession count—in which gun possession is an integral element of the offense and not an enhancement factor—will always produce the illogical result of double counting the identical nexus of harmful conduct involving the gun and the "underlying offense." The Guidelines appear otherwise structured to avoid precisely this outcome. *See, e.g.,* U.S.S.G. Ch. 3, Pt.D, intro. comment. ("In order to limit the significance of the formal charging decision and to prevent multiple punishment for substantially identical offense conduct, ... [c]onvictions on multiple counts do not result in a sentence enhancement unless they represent additional conduct that is not otherwise accounted for ...")

Both because I find *Mrazek* distinguishable and because I do not think that Application Note 2 to § 2K2.4 is the only basis on which a § 2K2.1(b)(5) enhancement may be rejected under these facts, I decline to follow the reasoning of the Eleventh and First Circuits. Simply put, the 4–point enhancement is "premised on the same conduct" as the mandatory five-year sentence under § 924(c)(1). *Williams,* 106 F.3d at 1367. Based on the above discussion, "a compelling basis exists" to find that the Guidelines imply that double counting in this context is impermissible. *Harris,* 41 F.3d at 1123. Therefore, the specific offense characteristic increase under § 2K2.1(b)(5) is not warranted in this case.