# United States Court of Appeals
## For the Eighth Circuit
_____

No. 21-3792
_____

United States of America

*Plaintiff - Appellee*

v.

Damarcus Deionn Perkins

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: September 23, 2022
Filed: November 2, 2022
_____

Before LOKEN, BENTON, and KOBES, Circuit Judges.
_____

BENTON, Circuit Judge.

Demarcus Deionn Perkins repeatedly assaulted his victim, beating her with a pistol, restraining her in a car, and threatening to kill her. This was not his first such offense. He pled guilty to possession of a firearm by a prohibited person. *See* **18**

**U.S.C. §§ 922(g)(1), 922(g)(8); 924(a)(2) (2019)**. The district court[1] sentenced him to 120 months in prison. Perkins appeals, claiming that the district court erroneously calculated his advisory guideline range because it applied the kidnapping cross reference under the U.S. Sentencing Guidelines §§ 2K2.1(c)(1)(A), 2X1.1(a), and 2A4.1 (2011). Having jurisdiction under 28 U.S.C. § 1291, this court reviews the district court's factual findings for clear error and its Guidelines calculation de novo. *United States v. Clark*, 999 F.3d 1095, 1097 (8th Cir. 2021). This court affirms.

I.

A sentencing court must correctly calculate the advisory Guidelines range. *United States v. Taylor*, 803 F.3d 931, 933 (8th Cir. 2015). For a defendant convicted of unlawful firearm possession, the court begins with Guidelines section 2K2.1. *Clark*, 999 F.3d at 1097. That section's cross reference, 2K2.1(c)(1), replaces the standard firearm-possession Guidelines range with that of a more serious offense committed or attempted by the defendant. *See United States v. Smith*, 196 F.3d 676, 685 (6th Cir. 1999). When a court determines that the defendant used the firearm "in connection with the commission or attempted commission of another offense" the cross reference substitutes the other sentence's base offense level if it exceeds the firearm Guideline. **USSG § 2K2.1(c)(1)**. Application note 14(C) to section 2K2.1(c) defines "another offense" to include "any federal, state, or local offense . . . regardless of whether a criminal charge was brought, or a conviction obtained." *Id.* at note 14(C).

Relying on note 14(C), Perkins's PSR applied the firearm cross reference, looked to the kidnapping Guideline, and calculated Perkins's base offense level at 32. *See* **USSG § 2A4.1(a)**. The district court concluded that Perkins committed an

---

[1]The Honorable Robert W. Pratt, Senior United States District Judge for the Southern District of Iowa.

Iowa kidnapping offense,[2] adopted the PSR's recommendation, and applied the kidnapping Guidelines calculation. Perkins's Guidelines range became the statutory maximum of 120 months. *See* **18 U.S.C. § 924(a)(2) (2019)**.

II.

Perkins contends that state-law violations cannot trigger the kidnapping cross reference.

Application note 14(C) says otherwise. It defines "another offense"—which triggers the cross reference—to include "any federal, *state*, or local offense." **USSG § 2K2.1(c)(1) note 14(C)** (emphasis added). This note is "authoritative" and "binding" so long as it is not "inconsistent with, or a plainly erroneous reading of," the guideline it interprets. *Stinson v. United States*, 508 U.S. 36, 38, 42 (1993).

Perkins argues that note 14(C) "expand[s] upon" rather than interprets the phrase "another offense." Therefore, he claims, note 14(C) is both inconsistent with and a plainly erroneous reading of Guideline 2K2.1(c)(1).

This argument is both illogical and contrary to a plain reading of the Guideline. The phrase "another offense," both in isolation and in context, does not exclude state offenses. In *Stinson*, the Supreme Court confirmed that a commentary interpretation not "compelled by the guideline text" is not necessarily "plainly erroneous or inconsistent with [the Guidelines]." *Stinson*, 508 U.S. at 47 (quotation omitted). There, the Court held that a commentary properly interpreted the Guidelines—and therefore bound the courts—when it defined "crime of violence" to exclude unlawful possession of a firearm by a felon. *Id.* This case is similar.

---

[2]At sentencing, the government argued that Perkins had violated Iowa's kidnapping law. *See* **Iowa Code § 710.1**. Although the district court did not specify whether Perkins had violated state or federal law to trigger the kidnapping cross-reference, the record indicates—and the parties apparently agree—that Iowa law underlies the kidnapping cross reference.

Defining "another offense" to include a state offense is not compelled by § 2K2.1. But it is a logical interpretation, not a plainly erroneous or inconsistent one. Note 14(C) binds this court, defeating Perkins's argument.

III.

Perkins contends that the district court erroneously applied the kidnapping cross reference because his conduct did not violate Iowa state law. Iowa law prohibits kidnapping when:

> [T]he person either confines a person or removes a person from one place to another, knowing that the person who confines or removes the other person has neither the authority nor the consent of the other to do so; provided, that to constitute kidnapping the act must be accompanied by one or more of the following: . . .
>
> 3. The intent to inflict serious injury upon such person, or to subject the person to a sexual abuse.
>
> 4. The intent to secretly confine such person.

**Iowa Code § 710.1** (2019). The Iowa Supreme Court limits the kidnapping statute to confinements that "make the defendant's overall actions substantially more dangerous." *Sauser v. State*, 928 N.W.2d 816, 820 (Iowa 2019). It applies a three-prong test: a confinement constitutes kidnapping where it (1) "substantially increases the risk of harm to the victim," (2) "significantly lessens the risk of detection," or (3) "significantly facilitates [the perpetrator's] escape." *State v. Rich*, 305 N.W.2d 739, 745 (Iowa 1981). *Accord State v. Albright*, 925 N.W.2d 144, 152–53 (Iowa 2019), *abrogated on other grounds by State v. Crawford*, 972 N.W.2d 189 (Iowa 2022).

Perkins's conduct constituted kidnapping under Iowa law. Wielding a gun, he refused to let his victim exit the vehicle by physically grabbing her and threatening to kill her. Forcing his victim to stay in the car for hours—longer than

-4-

the duration of a typical assault—substantially increased the risk of harm by providing Perkins easy opportunity to assault her again and again. *Cf. **Albright***, 925 N.W.2d at 155 ("Our kidnapping cases have generally held that the increased-risk-of-harm prong . . . is satisfied when the duration of confinement substantially exceeded the underlying crime.").

The district court properly calculated the Guidelines range.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____